| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:17-cv-09290-CAS-MRWx | Date | October 21, 2019 |
| Title | MOLLY MOON FILMS LIMITED ET AL. v. ARC ENTERTAINMENT, LLC ET AL. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Matthew Pelikan (By Telephone) | | Not Present | |

**Proceedings:** PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ARC ENTERTAINMENT, LLC (Dkt. [ 47 ], filed September 10, 2019)

## I. INTRODUCTION AND BACKGROUND

On December 29, 2017, plaintiffs Molly Moon Films Limited ("MMF"), Motion Investment Limited ("MIL"), and Cumulus Investors LLC ("Cumulus") filed this action against defendants ARC Entertainment, LLC ("ARC") and OA Investment Holdings, Inc. ("OA"). Dkt. 1 ("Compl."). The complaint asserts claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment. Id. OA filed its answer on October 8, 2018. Dkt. 24. Plaintiffs and OA thereafter reached a settlement and filed a joint stipulation to dismiss plaintiffs' claims against OA on September 10, 2019. Dkt. 46. The Court dismissed plaintiffs' claims against OA on September 11, 2019. Dkt. 49.

ARC has not appeared in this action to date. On November 1, 2018, plaintiffs requested that the Clerk enter default against ARC, and the Clerk did so on November 2, 2018. Dkt. 30, 31. On September 10, 2019, plaintiffs filed the present motion for default judgment against ARC, dkt. 47-1 ("Mot."), as well as a supporting declaration, dkt. 47-2 ("Pelikan Decl.").[1]

---

[1] The Court ordered plaintiffs to file any motion for default judgment against ARC on or before September 6, 2019. Dkt. 45. Although plaintiffs did not file the present motion until September 10, 2019, the Court nonetheless considers plaintiffs' motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-09290-CAS-MRWx | Date | October 21, 2019 |
| Title | MOLLY MOON FILMS LIMITED ET AL. v. ARC ENTERTAINMENT, LLC ET AL. | | |

Plaintiffs' claims arise out of a dispute regarding the distribution rights to a motion picture entitled Molly Moon: The Incredible Hypnotist (the "Motion Picture"). Compl. ¶¶ 8–35. MMF produced the Motion Picture, while MIL and Cumulus are its primary investors. Compl. ¶ 9. In July 2015, MMF and ARC entered into a Distribution Agreement (the "Agreement"), granting ARC the rights to distribute the Motion Picture within the United States and Canada. Id. ¶ 10. The Agreement requires ARC to make advance payments totaling $80,000 in return for the "rights to license, sub-license, distribute, advertise, promote, market, and publicize the Motion Picture for theaters, home use and digitally." Compl. ¶¶ 11, 13. The Agreement also requires ARC to pay performance bonuses to plaintiffs based on the Motion Picture's overall sales, as well as a portion of the net revenues and net receipts that ARC earned from its distribution of the Motion Picture. Id. ¶¶ 16–17. In 2015, OA acquired ARC's rights and interests in the Agreement. Id. ¶¶ 30–31.

Plaintiffs allege that neither ARC nor OA has made the payments required under the Agreement. Id. ¶¶ 25, 29, 31. Failure to make the $80,000 in advance payments provides a basis for terminating the Agreement. Id. ¶ 22. Accordingly, plaintiffs now seek default judgment against ARC in the amount of $80,000.00. See Mot. at 4.

The Court held a hearing on October 21, 2019. Having carefully considered plaintiffs' motion and supporting exhibits, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:17-cv-09290-CAS-MRWx | Date | October 21, 2019 |
| Title | MOLLY MOON FILMS LIMITED ET AL. v. ARC ENTERTAINMENT, LLC ET AL. | | |

neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55–1.

### III. DISCUSSION

Plaintiffs contend that "entry of default judgment as to ARC is appropriate under Rule 55(b)(2) because the *Eitel* factors have been satisfied."[2] Mot. at 6. In connection with their motion for default judgment, plaintiffs submit a declaration attesting that: (a) the Clerk entered default against ARC on November 2, 2018 after ARC failed to respond to plaintiffs' complaint; (b) that Arc is neither an infant nor an incompetent person; and (c) that the Servicemembers Civil Relief Act does not apply. See Pelikan Decl. ¶¶ 8–14. Accordingly, plaintiffs have satisfied the procedural requirements for default judgment.[3]

---

[2] Plaintiffs alternatively seek default judgment pursuant to Rule 55(b)(1). Mot. at 5. Rule 55(b)(1) permits the Clerk, rather than the Court, to enter default judgment where a movant seeks judgment "for a sum certain or sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1). Because of the policy of the Clerk of Court to defer to the district judge the question of whether a contract provides for payment of a sum certain, the Court construes plaintiffs' motion for default judgment in accordance with Rule 55(b)(2).

[3] Under Local Rule 55–2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-09290-CAS-MRWx | Date | October 21, 2019 |
| Title | MOLLY MOON FILMS LIMITED ET AL. v. ARC ENTERTAINMENT, LLC ET AL. | | |

See Harman, 2018 WL 1989518, at *2. The Court therefore addresses each of the Eitel factors in turn. The Court also considers the relief sought by plaintiffs.

### A. Application of the Eitel Factors

#### 1. Possibility of Prejudice

The first Eitel factor considers whether plaintiffs will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471–72. This factor favors entry of default judgment where, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Here, plaintiffs assert that without a default judgment against ARC, they will be prejudiced because they have "brought suit to enforce their contractual rights, "ARC has failed to answer or to respond," and without a judgment, plaintiffs "will be unable to enforce their rights." Mot. at 7. Plaintiffs' settlement with OA arguably mitigates the prejudice plaintiffs may suffer should the Court not enter default judgment against ARC. See Katz v. China Century Dragon Media, Inc., No. 2:11-cv-02769-JAK-SS, 2013 WL 12138673, at *4 (C.D. Cal. June 19, 2013) (finding that possibility of prejudice factor "is mitigated somewhat, because Plaintiffs have litigated with other defendants with whom they have reached a settlement."). However, because ARC has failed to participate in this litigation, plaintiffs cannot litigate this case against ARC, leaving default judgment as their only recourse. Accordingly, this factor favors the entry of default judgment. See id.

#### 2. Substantive Merits and Sufficiency of the Claim

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at

---

notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009). Here, plaintiffs seek $80,000 in advance payments, an amount they describe as "liquidated damages from the face of the pleadings." Mot. at 4. Accordingly, the Court concludes that plaintiffs seek liquidated damages and that Local Rule 55–2 therefore does not require further notice to ARC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-09290-CAS-MRWx | Date | October 21, 2019 |
| Title | MOLLY MOON FILMS LIMITED ET AL. v. ARC ENTERTAINMENT, LLC ET AL. | | |

1175. These factors "are often treated by courts as the most important Eitel factors." Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) (citations omitted). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiffs assert a claim for breach of contract against ARC.[4] To prevail on a claim for breach of contract, plaintiffs must establish: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (internal citations omitted). A valid contract requires capable, consenting parties, a lawful object, and sufficient cause or consideration. Mountain View Surgical Ctr. v. Cigna Health Corp., No. 2:13-cv-08083-DDP-AGR, 2015 WL 519066, at *2 (C.D. Cal. Feb. 9, 2015) (citing Cal. Civ. Code § 1550).

Here, plaintiffs have alleged the existence of a contract, attaching to the complaint a copy of the Agreement between plaintiffs and ARC. See Compl. ¶ 37, see also Dkt. 1, Exhibit A ("Ex. A"). Plaintiffs further allege that they performed their obligations under the Agreement, while ARC has breached the Agreement. Compl. ¶¶ 15, 23–29, 38–41. Finally, plaintiffs have alleged that they have suffered damages as a result of ARC's breach, including loss of monies owed to plaintiffs pursuant to the Agreement. Id. ¶¶ 23–25, 29. "Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true[.]" PepsiCo, 238 F. Supp. 2d at 1175. Accepting the allegations in plaintiffs' complaint as true, plaintiffs have alleged sufficient facts to support

---

[4] Plaintiffs' complaint also asserts claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment. See Compl. However, "[c]oncurrent with this request for entry of default judgment as to ARC, Plaintiffs are voluntarily dismissing their breach of implied covenant . . . and unjust enrichment claims . . . [and] seek entry of default judgment only as to the breach of contract claim. Mot. at 3–4 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-09290-CAS-MRWx | Date | October 21, 2019 |
| Title | MOLLY MOON FILMS LIMITED ET AL. v. ARC ENTERTAINMENT, LLC ET AL. | | |

its claim for breach of contract against ARC. As such, these factors weigh in favor of entering default judgment.

### 3. Amount of Money at Stake in the Action

In evaluating this factor, the Court compares "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176. "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. 2:16-cv-6049-RSWL-E, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Here, plaintiffs contend that they "have not received information from ARC as to the amount, if any, of performance payments due" but that they "have received information from [OA] about its distributions and have subsequently reached settlement with [OA]." Mot. at 8. According to plaintiffs, "the remaining amount in controversy is the $80,000 advance payment due to Plaintiffs from ARC." Id. The Court observes that the Agreement, which plaintiffs attach, specifically provides that "[i]n consideration for the grant to ARC of the Rights Granted . . . ARC shall pay . . . an advance equal to Eighty Thousand Dollars (USD $80,000)[.]" Ex. A, cl. 7. Accordingly, the amount at stake appears appropriate given the nature of the misconduct alleged. However, the Court notes that, to the extent plaintiffs have already recovered some or all of this $80,000.00 through settlement with OA, this factor *may* weigh against entry of default judgment as to ARC. See Katz, 2013 WL 12138673, at *5 (finding, with respect to Eitel factor evaluating amount of money at stake, that "recovery of the full amount may be unreasonable because, through the settlement with the remaining defendants, Plaintiffs are likely to recover a portion of their claimed losses" and "[t]here should not be a duplicative recovery."). At this juncture, the Court therefore finds that this neither favors nor disfavors entry of default judgment.

### 4. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. Here, plaintiffs "filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-09290-CAS-MRWx | Date | October 21, 2019 |
| Title | MOLLY MOON FILMS LIMITED ET AL. v. ARC ENTERTAINMENT, LLC ET AL. | | |

a well-pleaded complaint alleging the facts necessary to establish [their] claims, and the court clerk entered default against" ARC. See Philip Morris USA, Inc. v. Castworld Prod., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id. Accordingly, the Court concludes that this factor favors entry of default judgment against ARC.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that ARC's failure to appear is due to excusable neglect. To the contrary, ARC was properly served with the summons and complaint on September 17, 2018. Dkt. 22. An attorney that initially represented that he was ARC's counsel but later indicated that he had not yet been retained, communicated to plaintiffs "his understanding was that ARC would default." Pelikan Decl. ¶¶ 6–7. More than twelve months have passed since ARC was first served with the summons and complaint on September 17, 2018, and more than eleven months have passed since the Clerk entered default against ARC on November 2, 2018. Dkt. 22, 31. Accordingly, the Court finds the possibility remote that ARC's default is the result of excusable neglect, therefore favoring entry of default judgment against ARC. See Elektra, 226 F.R.D. at 393 (finding possibility of default due to excusable neglect low where "six months have elapsed since the Complaint was served on the Defendant, and four months have elapsed since entry of default judgment by the clerk as to the Defendant.").

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). ARC's failure to answer or defend this action "makes a decision on the merits impractical, if not impossible." Id. Accordingly, the Court concludes that the strong policy favoring resolution of cases on the merits does not preclude the Court from entering default judgment against ARC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-09290-CAS-MRWx | Date | October 21, 2019 |
| Title | MOLLY MOON FILMS LIMITED ET AL. v. ARC ENTERTAINMENT, LLC ET AL. | | |

### B. Requested Relief

"[O]nly the amount prayed for in the complaint may be awarded to the plaintiff in a default." Elektra, 226 F.R.D. at 393 (citing Fed. R. Civ. P. 54(c)). The movant seeking default judgment most prove up the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (internal citation omitted).

Here, plaintiffs request that "the Court enter default judgment as to ARC in the amount of $80,000." Mot. at 9. This request is consistent with the amount prayed for in the complaint. See Compl. ¶ 14. Plaintiffs have adduced sufficient evidence since they attach the Agreement which provides for advance payment in this amount. See Ex. A, cl. 7. Moreover, during oral argument, counsel for plaintiffs stated that there is no possibility of duplicative recovery between the $80,000 that plaintiffs seek to recover from ARC and the settlement that plaintiffs have already reached with OA.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** plaintiffs' motion for default judgment. ARC shall be liable to plaintiffs in the amount of $80,000.00.

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |